UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR 92-749 SVW |
|---|---|---|
| Plaintiff, | ) ) | ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF |
| v. | ) ) | SENTENCE [277] |
| DARCY IRA THIGPEN, | ) ) | |
| Defendants. | ) ) | |

**I.  INTRODUCTION**

Darcy Thigpen ("Defendant") moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Defendant contends that even though he was sentenced as a "career offender," his sentence was "based on" a sentencing guideline that was subsequently lowered by the Sentencing Comission's retroactive crack amendment, and therefore, he is entitled to a resentencing.  For the reasons that follow, Defendant's Motion is DENIED.

///

///

///

## II. FACTS

On October 15, 1992, a jury convicted Defendant of possession with intent to distribute cocaine and crack cocaine and possession of a firearm, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Given the amount of cocaine and crack involved, the Court calculated Defendant's base offense level to be 32. Defendant also had 12 criminal history points, which put him in criminal history category V. With the base offense level of 32, Defendant's sentencing range would have been 188-235 months.

The Court also found, however, that Defendant was a "career offender" within the meaning of United States Sentencing Guidelines § 4B.1.[1] Thus, because one of his convictions came with a statutory maximum penalty of life imprisonment, Defendant's base offense level was increased to level 37. Defendant's sentencing range therefore was 360 months to life. Due to an additional mandatory 60 month sentence for the use of a firearm, the Court sentenced Defendant to 420 months in prison.

On appeal, Defendant argued that the Court erred because the Court thought it did not have the discretion to depart downward on Defendant's sentence. In United States v. Lawrence, the Ninth Circuit held that a court can apply a downward departure if the "'defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes.'" 916 F.2d 553, 554 (9th Cir. 1990)

---

[1] Defendant had prior convictions for robbery on August 24, 1986, and possession of marijuana for sale on June 19, 1991.

(quoting U.S.S.G. § 4A1.3, policy statement).  Defendant argued that the Court had erred because it did not recognize that it had this discretion.

The Ninth Circuit rejected this argument, noting that in the transcript from the hearing, the Court said "[defendants] do legitimately come within the category of career offenders and the cases don't, the facts here don't justify a departure."  United States v. Thigpen, 1994 WL 59791, at *12 (9th Cir. 1994).  The Ninth Circuit found that the Court understood that downward departure was available pursuant to Lawrence, but that the necessary mitigating factors were not present in Defendant's case.  Id.  Thus, the Court exercised it discretion not to depart downward.

**III.  ANALYSIS**

Defendant argues that he is entitled to a resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1  Amendment 706 to the Sentencing Guidelines, which was made effective
2  November 1, 2007, reduces the base offense level for crack offenses by
3  two levels, and has been given retroactive effect.  See U.S.S.G. §
4  1B1.10(c).

### A.  Policy Statement

As an initial matter, the Government contends that Defendant cannot be resentenced because to do so would be inconsistent with the Guidelines' applicable policy statements. (Opp'n, at 6.)  Section 3582(c)(2) says that courts may reduce the term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Effective March 3, 2008, the Sentencing Commission passed a revised version of § 1B1.10(a)(2), which states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized . . . if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."

The policy statement standing alone, however, does not preclude the Court from resentencing Defendant.  In United States v. Hicks, the Ninth Circuit considered whether courts must comply with the Sentencing Commission policy statements when they resentence a defendant pursuant to § 3582(c)(2).  472 F.3d 1167, 1172 (9th Cir. 2007).  The Ninth Circuit held that "under Booker, to the extent that policy statements would have the effect of making the Guidelines mandatory . . . , they must be void."  Id.  The Court reasoned that, under Booker, "the Guidelines are no longer mandatory in any context."  Id. at 1173

4

1  (emphasis in original). "Thus, to the extent that the policy
2  statements are inconsistent with Booker by requiring that the
3  Guidelines be treated as mandatory, the policy statements must give
4  way." Id. It is therefore clear that the Ninth Circuit has rejected
5  the notion that, when applying § 3582(c)(2), that courts must strictly
6  comply with the applicable policy statements.

**B. Term of Imprisonment "Based On" a Sentencing Range that has Subsequently Been Lowered**

In light of the fact that the policy statement is not controlling, the issue then becomes whether Defendant's initial sentence was "based on" a sentencing range that has subsequently been lowered. See § 3582(c)(2). Defendant argues that his original sentence was "based on" such a range because the Court initially looked to the base offense level of 32, and then enhanced the level upward to 37 due to his classification as a "career offender." (Mot., at 7.) Since the original level of 32 would be reduced to 30 under Amendment 706, Defendant contends that this sentence was "based on" a sentencing range that was subsequently lowered.

The Eighth and Eleventh Circuits are the only two circuits to address the issue, and both have rejected precisely the argument that Defendant advances here. In United States v. Tingle, the Eighth Circuit noted that "[a]lthough the Sentencing Commission lowered the offense levels in U.S.S.G. § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1, which is what set [the defendant's] range."

524 F.3d 839, 840 (9th Cir. 2008).  Thus, the court held that "[b]ecause [the defendant] was not sentenced based on a sentencing range that has since been lowered, he has not met the eligibility requirements for a reduction of his sentence under § 3582(c)(2)." Id.

Similarly, in United States v. Moore, the Eleventh Circuit noted that the plain language of the statute only "applies to a defendant whose sentence was 'based on' a subsequently-lowered 'sentencing range.'" 541 F.3d 1323, 1327 (11th Cir. 2008).  The court reasoned that since "the defendants' sentences were based on the guideline ranges applicable to career offenders under § 4B1.1," the "defendants' base offense levels under § 2D1.1 played no role in the calculation of these ranges." Id.  Thus, the court held "Amendment 706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based." Id.; see also United States v. Thomas, __ F.3d __, 2008 WL 4659359, at *1 (11th Cir. 2008) ("We explained in Moore that, '[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.'").

Research reveals that every other court to consider the issue has reached the same result, finding that Amendment 706 does not entitle a "career offender" to a resentencing because the defendant's initial sentencing was not "based on" a range that has subsequently been lowered.  See, e.g., United States v. Johnson, 2008 WL 3928921, at *6 (E.D. Wash. 2008) ("Defendant was sentenced as a career offender under the Sentencing Guidelines, and his sentence was not determined by the amount of crack cocaine at issue."); United States v. Lee, 2008 WL

6

2357243, at *2 (N.D. Cal. 2008) (applying the Eight Circuit ruling in Tingle, which "narrowly defined 'based on' to apply only to the sentencing range that actually served as the trigger for the defendant's sentence."); United States v. Duran-Romero, 2008 WL 4449877, at *3 (D. Or. 2008) (finding that the defendant was not sentenced "based on" a Guideline range that was subsequently lowered); United States v. Biami, 548 F. Supp. 2d 661, 664 (E.D. Wisc. 2008) ("It would make little sense to permit the court to re-open a sentence based on a guideline amendment that would not, if applied to the defendant, make any difference in the outcome.").

Application of the relevant sentencing procedure supports the conclusion that Defendant's sentence was not "based on" a sentencing range that was subsequently lowered. When Defendant was sentenced, the Court began its analysis by looking at the applicable sentencing range under § 2D1.1(c)(6). Because the sentence involved the equivalent of between 1,000 to 3,000 kilograms of marijuana, the base offense level was 32. The sentence was then adjusted upward pursuant to § 4B1.1 because Defendant was a "career offender." In Defendant's case, the statutory maximum offense level for his crime was life in prison. Therefore, Defendant's offense level was increased to 37. See U.S.S.G. § 4B1.1(b). It was not the base offense level of 32 that determined the upward adjustment to 37; it was the statutory maximum offense level that determined the upward adjustment. Thus, the Court concludes that Defendant's offense level of 37, which ultimately set the sentencing

range, was not based on a sentencing range that has subsequently been lowered.[2]

**IV.  CONCLUSION**

    The Court finds that the retroactive crack amendment does not entitle Defendant to a resentencing because Defendant's original sentence was not "based on" a sentencing range that has subsequently been lowered.  Therefore, Defendant's Motion for Resentencing is DENIED.

        IT SO ORDERED.

DATED:   November 12, 2008

                                            STEPHEN V. WILSON
                                         UNITED STATES DISTRICT JUDGE

---

[2] Defendant is not entitled to a resentencing based on <u>Booker</u> alone. See <u>Hicks</u>, 472 F.3d at 1171.